STERLING FAUCET COMPANY,
Appellee,

v.

FIRST MUNICIPAL LEASING
CORPORATION, Appellant,

v.

FIRST ARKANSAS LEASING
CORPORATION, Appellee.

No. 82–2021.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1983.

Decided Sept. 12, 1983.

Jack Young, Laser, Sharp, Haley, Young & Huckabay, Little Rock, Ark., for appellant First Mun. Leasing Corp.

Rose Law Firm, P.C., Gary J. Garrett, Allen W. Bird II, Little Rock, Ark., for appellee First Arkansas Leasing Corp.

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and WANGELIN,[*] Senior District Judge.

PER CURIAM.

In this diversity action, First Municipal Leasing Corporation (FMLC) appeals from a judgment entered in the District Court[1] for the Eastern District of Arkansas in favor of Sterling Faucet Company (Sterling). For reversal FMLC argues that the district court erred in finding that FMLC breached a firm loan commitment to Sterling.[2] We affirm.

The district court found that a letter of August 16, 1978, which "announce[d] the commitment of funds by First Municipal Leasing Corporation ... for the leasing of certain equipment" was a binding contract to lend money and not, as FMLC argued, a mere invitation to negotiate a contract. The court relied on the clear language of the letter[3] and the fact that the letter was

---

[*] The Honorable H. Kenneth Wangelin, United States Senior District Judge for the Eastern District of Missouri, sitting by designation.

[1] The Honorable Elsijane T. Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

[2] The district court also dismissed the complaint and the third party complaint against First Arkansas Leasing Corporation.

[3] FMLC relies on the case of *J. Russell Flowers, Inc. v. Itel Corp.,* 495 F.Supp. 88 (N.D.Miss. 1980). In *Flowers,* the court found that a letter which stated that "financing is firm, however, it will be reduced to a more definitive document within 30 days," *id.* at 89, was not a binding contract because the language of the letter "openly contemplated further negotiations as to a 'more definitive document.'" *Id.* at 91. That is not the case here.

detailed as to the parties, the amount and terms of the loan, and the conditions precedent. The court further found that there was ample evidence that Sterling had fulfilled the conditions precedent.

After having reviewed the record and the briefs and listening to oral argument, we find no error of law or fact. Accordingly, we affirm on the basis of the district court's opinion. See 8th Cir.R. 14.